UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD L. STEARNS-MILLER,

    Plaintiff,

v.    Case No. 5:18-cv-173-MCR/MJF

JULIE L. JONES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned by the clerk of the court. For the reasons stated below, the undersigned respectfully recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with court rules and court orders.[1]

**I.    Background**

Plaintiff is an inmate of the Florida penal system currently confined at Dade Correctional Institution. (Doc. 13). Plaintiff was confined at Washington Correctional Institution at the time he filed this lawsuit on July 30, 2018. (Doc. 1). Plaintiff's initiating pleading was a *pro se* document titled "Emergency Article III,

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Original Jurisdiction to Constitutional Court, Suggestion for Designation of District Judge" seeking relief under "28 U.S.C. § 2241(c)(3)".[2] (Doc. 1). The clerk of the court docketed Plaintiff's pleading as a habeas corpus petition, and referred it to the assigned magistrate judge for review.

On August 3, 2018, Magistrate Judge Gary R. Jones construed Plaintiff's pleading as a civil rights complaint under 42 U.S.C. § 1983, because it challenged the conditions of Plaintiff's confinement. (Doc. 4). So construed, the court identified several defects in Plaintiff's complaint, including that it was not filed on the court form; that it was a classic "shotgun" pleading; that it attempted to improperly join unrelated claims against multiple defendants in a single cause of action; and that it was not accompanied by the filing fee or an application to proceed *in forma pauperis*. (Doc. 4).[3] Magistrate Judge Jones ordered Plaintiff to: (1) file an amended complaint on the court-approved form; (2) correct the noted deficiencies; (3) pay the $400.00

---

[2] Section 2241(c)(3) of Title 28 of the United States Code provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

[3] *See* N.D. Fla. Loc. R. 5.7 (requiring parties not represented by an attorney to use the court form for filing a civil rights complaint); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (identifying the various types of impermissible shotgun pleadings); Fed. R. Civ. P. 18, 20 (setting forth rules governing joinder); N.D. Fla. Loc. R. 5.3 (requiring parties who file a civil case to simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, using the court form).

fee or file a complete application to proceed *in forma pauperis*. (Doc. 4). Magistrate Judge Jones's order imposed a compliance deadline of August 31, 2018, and warned Plaintiff that failure to timely comply would result in a recommendation that this case be dismissed without further notice. (*Id*.).

The clerk of the court mailed Plaintiff the necessary forms. (Doc. 4). Thereafter, Plaintiff sought and was granted an extension of time to comply with the order, and his deadline was extended to September 20, 2018. (Docs. 5, 6). Plaintiff did not comply with the order.

Upon reassignment of the case to the undersigned, the court issued an order on September 28, 2018, directing Plaintiff to show cause why this case should not be dismissed for failure to comply with the August 3, 2018, order. (Doc. 8). The show cause order imposed a response deadline of October 29, 2018, and warned Plaintiff that failure to timely respond likely would result in dismissal of this case. (Doc. 8). Plaintiff did not respond.

On November 29, 2018, the undersigned issued another order which directed the Plaintiff to show cause why this action should not be dismissed for failure to comply with the August 3, 2018, order. (Doc. 10). To ensure that the Plaintiff received proper notice and an opportunity to proceed with this litigation, this court re-mailed Plaintiff a § 1983 complaint form and form application to proceed *in forma*

*pauperis*, and extended Plaintiff's deadline by 30 days to December 31, 2018. (Doc. 10). The court again warned Plaintiff that failure to timely file an amended complaint and *in forma pauperis* application likely would result in dismissal of this case. Plaintiff did not respond.

On January 3, 2019, the undersigned issued a final show cause order. (Doc. 11). The order detailed Plaintiff's repeated failure to comply with the August 3, 2018, order, and his repeated failure to respond to the court's show cause orders. (Doc. 11). To ensure Plaintiff had every opportunity to comply, the court re-mailed Plaintiff yet another set of forms (by now the third set), and extended Plaintiff's deadline by another 30 days to February 4, 2019. (Doc. 11). This court again warned Plaintiff that failure to timely file an amended complaint and *in forma pauperis* application on the court forms would result in dismissal of this case.

Plaintiff has now responded, but his response does not comply in any way with the court's orders. Plaintiff submitted a document titled, "Petition for Order to Show Cause and Appointment of Counsel." (Doc. 12). Plaintiff acknowledged that he received the January 3, 2019, order, and asked the court to appoint counsel for these reasons: (1) he has several chronic health issues; (2) the Department of Corrections has a "decade long habit or routine practice of deliberate separation from all legal materials, criminal trial transcript, all court records, research case relevant

briefs, personal medical and legal treatises, which Pet. has patiently endured since 2006."; and (3) "Respondent's agency servants continue to divert govt mail to the warden to pry into – ongoing for years, continuing currently at Reception Medical Center R Wing. Request protection, Fifteenth and consecutive. Eight (8) attempts to 'kill Stearns-Miller' by varied gang members who've been hired, solicited commanded and encouraged at each of twenty four prison assignments, yet SCO and prison CO continue to either 'deny protection' based on no objective evidence or investigation (as now); or 'transfer to resolve protection'". (Doc. 12, pp. 1-2). Plaintiff's response was not accompanied by an amended complaint on the court form, the filing fee, or an application to proceed *in forma pauperis*.

## II.   Discussion

"A district court has discretion to adopt local rules." *Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010) (citing *Frazier v. Heebe*, 482 U.S. 641, 645, 107 S. Ct. 2607 (1987), in turn citing 28 U.S.C. § 2071; Fed. Rule Civ. Proc. 83). Such local rules have the force of law. *See Hollingsworth*, 558 U.S. at 191, 130 S. Ct. at 710; *Weil v. Neary*, 278 U.S. 160, 169, 49 S. Ct. 144, 148 (1929) ("[A] rule of court thus authorized and made has the force of law."). "[A] material failure to follow the rules in district court can doom a party's case", even if the rule is directed to a matter of form. *Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015);

*see also Daily v. Municipality of Adams Cty.*, 117 F. App'x 669, 671-72 (10th Cir. 2004) ("Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is 'nonwillful.'").

Rule 5.7 of the Local Rules of the U.S. District Court for the Northern District of Florida requires parties not represented by an attorney to use the court-approved form for filing a civil rights complaint. N.D. Fla. Loc. R. 5.7(A). Local Rule 5.3 requires parties who file a civil case to simultaneously either pay any fee required under 28 U.S.C. § 1914, or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 using the court form. N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 authorizes the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order". N.D. Fla. Loc. R. 41.1.

Local Rule 41.1 is consistent with Federal Rule of Civil Procedure 41(b), and embodies the court's inherent authority to dismiss a case *sua sponte* when the plaintiff fails to comply with a court rule of procedure or a court order. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. Fed. R. Civ. P. 41(b). A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." (citing *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 48-49, 111 S. Ct. 2123 (1991))). The federal courts have long recognized this inherent authority:

> Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

*Foundy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc).

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA") also requires the payment of filing fees by prisoners proceeding *in forma pauperis*. 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee"). The PLRA, "clearly and

unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002). A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320, 1321; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). That is, if a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis*, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003); s*ee Rosin v. Thaler*, 450 Fed. Appx. 383, 384 (5th Cir. 2011) (dismissal for failure to pay filing fees is appropriate if there is a record of delay or "contumacious conduct" by the plaintiff).

Here, there are three independent reasons to dismiss this action. First, Plaintiff did not file his civil rights complaint on the court-approved form as required by Local Rule 5.7(A). Second, Plaintiff failed to pay the filing fee or properly apply to proceed *in forma pauperis* as required by 28 U.S.C. §§ 1914, 1915, and Local Rule 5.3. Third, Plaintiff repeatedly failed to comply with court orders and repeatedly failed to comply with deadlines imposed by this court. Plaintiff did so despite this court

repeatedly providing him with the necessary forms, repeatedly providing detailed directions to assist him in complying with this court's orders, and repeatedly warning the Plaintiff that failure to correct the deficiencies likely would result in dismissal of this case. Furthermore, this court provided Plaintiff over seven months to comply to correct the noted deficiencies.[4]

Plaintiff's failure to comply is willful. Plaintiff's prior motion to extend time (Doc. 5) and his recent response (Doc. 12) acknowledged that he received the court's orders and enclosed forms. This acknowledgement belies any suggestion that institutional interference with his mail impeded his ability to litigate this case in conformity with court rules and orders. Plaintiff also failed to explain how his alleged medical conditions and threats from other inmates prevented him from completing court-approved forms, but did not prevent him from writing and filing his own self-styled pleadings. Plaintiff's lack of access to transcripts and treatises did not impair his ability to complete court-approved complaint and *in forma*

---

[4] The undersigned notes that this case is hardly the first time that Plaintiff failed to pay filing fees and failed to abide by court orders. *See, e.g., Stearnsmiller v. Crosby*, No. 4:05-cv-421-MMP (N.D. Fla. June 8, 2006) (dismissing Plaintiff's civil rights action for Plaintiff's repeated failure to comply with court rules and court orders); *Stearnsmiller v. Kirkland*, No. 4:05-cv-508-WS (N.D. Fla. May 23, 2006) (dismissing Plaintiff's habeas corpus action for the same reasons).

*pauperis* application forms, as these forms do not require legal or medical citations, legal briefing, or documentary evidence.

The fact that Plaintiff has not complied with a single court order during the seven-month pendency of this case, despite having ample time and opportunity, makes it highly unlikely that allowing him another opportunity will result in compliance. Plaintiff's overarching complaints about his health and confinement conditions do not excuse his non-compliance, nor do they satisfy the threshold requirements for requesting volunteer counsel under 28 U.S.C. § 1915(e)(1), even if Plaintiff established his indigence (which he has not). *See Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) (holding that an indigent litigant requesting counsel must make two threshold showings: (1) that he made a genuine effort to secure counsel himself; and (2) that his case presents exceptional circumstances). For these reasons, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's willful failure to comply with court procedural rules and court orders.

### III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's "Petition for Order to Show Cause and Appointment of Counsel" (Doc. 12) be **DENIED** and this case be **DISMISSED** without prejudice.

2.      The Clerk of the Court enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of March 2019.

>           */s/ Michael J. Frank*
>           **Michael J. Frank**
>           **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.